UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT CALDWELL,<br><br>          Plaintiff,<br><br>v.<br><br>WILLIS TOWERS WATSON,<br><br>          Defendant. | Case No. 1:19-cv-06812-JGK<br><br><br>**STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL** |

WHEREAS, Plaintiff Scott Caldwell ("Plaintiff") and Defendant Willis Towers Watson ("Defendant") have stipulated that certain discovery material be treated as confidential, the Parties respectfully request that the Court enter this Stipulation as an Order.

1. **Designation of Discovery Materials as Confidential**. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

    (a)    The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL."

    (b)    There shall be one designation of confidentiality: "CONFIDENTIAL"

           (i)    One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, medical information, or confidential research, development, commercial, or financial information which is in fact confidential.

36841504.3

(c) A party shall not routinely designate material as "CONFIDENTIAL" or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

(d) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed CONFIDENTIAL only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript.

(e) Information or documents designated as "CONFIDENTIAL" under this Order shall not be used or disclosed by the Parties or counsel for the Parties or any persons identified in subparagraph (f) and (g) below, respectively, for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(f) The Parties and counsel for the Parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to the Parties, counsel, and employees of counsel or other individuals hired by counsel for the Parties who are involved with the preparation and trial of the lawsuit. Any such person to whom counsel for the Parties makes a disclosure, other than a party, counsel, or employee of counsel, shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

36841504.3

(ii) Disclosure may be made only to employees of a Party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing (by signing a copy of the Confidentiality Agreement attached hereto as <u>Exhibit A</u>) to be subject to the provisions of this Order requiring that the documents and information be held in confidence. This Order does not prohibit a party from disclosing its/his own discovery materials which have been designated "CONFIDENTIAL." Nor does this Order prohibit a person from disclosing discovery materials independently obtained from non-confidential sources or sources that do not designate the information as "CONFIDENTIAL."

(v) Disclosure may be made to the Court **and Court personnel**; and,

(vi) Disclosure may be made to the jury at any trial in this matter.

(h) Except as provided in subparagraphs (f) above, counsel for the Parties shall keep all documents designated as "CONFIDENTIAL" which are received under this Order secure and shall take reasonable efforts to place such documents in a secure area.

(i) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as

36841504.3

"CONFIDENTIAL" under this Order or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL" if such words do not already appear.

2. **Confidential Information Filed with Court**.  The Parties shall use redactions where necessary to maintain confidentiality of any Confidential Information filed with the court. Additionally, the Parties will comply with all applicable local and individual court rules. Documents containing Confidential Information that meet the criteria set forth therein shall be filed under Seal, unless the redactions have eliminated the need for filing under seal. Prior to filing under seal parties will meet and confer to determine if a less burdensome method of utilizing confidential information is available rather than filing under seal, such as redaction.

3. **Challenging Designation of Confidentiality**. If a designation of confidentiality is challenged, the Parties shall meet and confer,  concerning the designation.  If the Parties are unable to agree, the Party seeking confidentiality shall make a motion to the Court concerning the designation and the burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

5. **Avoiding Inadvertent Disclosure**. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any "CONFIDENTIAL" discovery materials.

6. **Inadvertent Disclosure**. Neither the taking of any action in accordance with the provisions of this Order nor the failure to object to such action shall be construed as a waiver of any claim or defense in this action. Moreover, the inadvertent disclosure in connection with this action of one or more documents that the party producing those documents ("Producing Party") believes to contain or reflect confidential, proprietary, trade secret, and/or competitively sensitive information, shall not constitute a waiver with respect to such "CONFIDENTIAL" discovery

materials. In the event of such an inadvertent disclosure of "CONFIDENTIAL" discovery materials, the Producing Party at any time may provide notice to the other Parties directing that all copies of such inadvertently disclosed "CONFIDENTIAL" discovery materials be treated as such consistent with the terms of this Order.

7. **No Waiver**. This Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nor shall this Order be deemed or construed as a waiver of the attorney-client, work product, or any other privilege, or of the rights of any party, person or entity to oppose the production of any documents or information on any grounds. Further, nothing in this Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

8. **No Impact on Admissibility**. This Order shall not be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any discovery materials covered by this Order.

9. **Return or Destruction of Materials Inadvertent Disclosed**. If a party inadvertently produces information subject to any privilege, the recipient, upon notice from the Producing Party of the production and privilege, shall promptly return or destroy all such information, including all copies thereof and all documents incorporating or referring to such information.

10. **Return of Confidential Material at Conclusion of Litigation**. At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be destroyed. The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals.

11. **Modification; Survival**. This Order shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of all Parties hereto filed with the Court. Without limiting the generality of the foregoing, this Order shall survive or remain in full force and effect after the termination of this litigation. Nothing in this Order shall limit or preclude any party from applying to the Court for relief from this Order, or for such further or additional protective orders as the Court may deem appropriate.

12. **Requests for Confidential Materials**. If any person receiving documents covered by this Order (the "Receiving Party") is served with a subpoena, request for production of documents, or other similar legal process in another proceeding seeking "CONFIDENTIAL" discovery materials, the Receiving Party shall give written notice, by overnight mail and email transmission, within five (5) business days of receipt of such subpoena, request for production, or other legal process, to the party producing the "CONFIDENTIAL" discovery materials. To the extent permitted by applicable law, the Receiving Party shall not produce any of the Producing Party's "CONFIDENTIAL" discovery materials for a period of at least fourteen (14) days after providing the required notice to the Producing Party. If, within fourteen (14) days of receiving such notice, the Producing Party provides written notice to the Receiving Party that it opposes production of its "CONFIDENTIAL" discovery materials, the Receiving Party shall not thereafter produce such "CONFIDENTIAL" discovery materials except pursuant to a Court order requiring compliance with the subpoena, request for production, or other legal process. The Producing Party shall be responsible for asserting any objection to the requested production, however the Receiving Party may also object if it so desires. The Receiving Party shall provide a copy of this Order to the third-party requesting production of "CONFIDENTIAL" discovery materials. Nothing herein shall be construed as requiring the Receiving Party or anyone else

covered by this Order to challenge or appeal any such order requiring production of "CONFIDENTIAL" discovery materials covered by this Order, or to subject itself to any penalties for noncompliance with any such order, or to seek any relief from this Court.

13. **Binding**. This Order is binding on the Parties immediately upon execution.

**SO STIPULATED AND AGREED.**

Dated: April 30, 2020

| | |
|---|---|
| **GODDARD LAW PLLC** | **SAUL EWING ARNSTEIN & LEHR LLP** |
| By: */s/ Megan S. Goddard* <br> *(signed with permission)* <br> Megan S. Goddard <br> Elizabeth E. Budnitz <br> Goddard Law PLLC <br> 39 Broadway, Suite 1540 <br> New York, New York 10006 <br><br> *Attorneys for Plaintiff* | By: */s/ Erik P. Pramschufer* <br> Erik P. Pramschufer <br> 1270 Avenue of the Americas, Suite 2005 <br> New York, New York 100020 <br> 212-980-7216 <br> erik.pramschufer@saul.com <br><br> Gary B. Eidelman (pro hac vice) <br> Michael P. Cianfichi (pro hac vice) <br> 500 E. Pratt Street <br> Suite 900 <br> Baltimore, MD  21202 <br> 410-332-8975 <br> gary.eidelman@saul.com <br> michael.cianfichi@saul.com <br><br> *Attorneys for Defendant* |

This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

Pursuant to the agreement of the Parties, it is SO ORDERED this __5__ day of __May__, 2020.

/s/ John G. Koeltl
Honorable John G. Koeltl, U.S.D.J.
United States District Court for the Southern District of New York

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCOTT CALDWELL,<br><br>                Plaintiff,<br><br>v.<br><br>WILLIS TOWERS WATSON,<br><br>                Defendant. | Case No. 1:19-cv-06812-JGK |

**CONFIDENTIALITY AGREEMENT**

I, _____, hereby acknowledge and state:

1. I have read and understand the Stipulated Order Regarding Confidentiality of Discovery Material (the "Order") to which this Exhibit A is annexed, and I attest to my understanding that access to information designated "CONFIDENTIAL" may be provided to me, and that such access is pursuant to the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order, and I submit to the jurisdiction of this Court for appropriate proceedings.

2. I will not utilize any information deemed "CONFIDENTIAL" for any purpose other than this litigation, and I will not reveal any information deemed "CONFIDENTIAL" to, nor discuss it with, anyone, except in accordance with the terms of the Order.

3. At the termination of this litigation, I will return all documents marked with the legend "CONFIDENTIAL" as well as any copies, summaries, notes, memoranda or databases of same and documents related thereto, to the attorney providing "CONFIDENTIAL" materials to me or, alternatively, I will destroy said confidential materials.

36841504.3

Dated: _____     Name:     _____

Address: _____
_____

Tel. No.: _____

36841504.3