**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
SCOTT CALDWELL,

                Plaintiff,       19-CV-6812 (JGK) (OTW)

    -against-

                                              **ORDER**

WILLIS TOWER WATSON,

                Defendant.

------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court is in receipt of Plaintiff's letter motion requesting a conference to resolve a discovery dispute regarding "Plaintiff's request for information about other employees' discrimination complaints and treatment upon return from extended leaves of absence." (ECF 47). For the reasons stated below, it is **DENIED**.

Plaintiff's requests are overbroad, unduly burdensome, and not proportional to the needs of the case. Where, as here, an "individual plaintiff has not alleged a company-wide practice of discrimination" "[c]ourts have been hesitant . . . to expand the scope of discovery to all complaints company-wide." *Taylor v. Metro. Transp. Auth.*, No. 18-CV-1278 (WHP) (OTW), 2019 WL 2766502, at *2 (S.D.N.Y. July 2, 2019) (citing cases). Plaintiff's complaint is clear that his allegations are of actions taken against him by his direct supervisors, Julie Gebauer and Doug Friske. *See, e.g.*, Am. Compl. ¶¶ 68-89. Plaintiff's complaint is devoid of any allegations of a company-wide policy. Further, the requests which seek documents and information on unspecified "complaints for discrimination" against Defendant are not proportional to the needs of the case. Defendant, which has thousands of employees across multiple offices,

invariably has been the subject of complaints with no factual nexus or relevance to this case. *See* Interrogatory 4, RFP 19. Similarly, requests for "all leaves of absences" exceeding 30 days is not only a violation of those employees' privacy, but also not proportional to the needs of the case and irrelevant because Plaintiff does not allege that he was denied leave. *See* RFP 29.

In any event, Defendant has already answered the relevant question: whether Ms. Gebauer and Mr. Friske have been the "subject of any administrative claim, petition, charge, arbitration, lawsuit, complaint, or any other litigation alleging employment discrimination or retaliation during at least the past five years." *See Supplemental Answer to Interrogatory No. 4.*

The parties are reminded that the Court may apportion costs under Federal Rules of Civil Procedure 16, 37(a)(5)(A)-(C), 37(b), 28 U.S.C. § 1927 and/or the Court's inherent authority.

The Clerk of Court is respectfully directed to close ECF 47.

**SO ORDERED.**

Dated: November 2, 2020  
New York, New York

_s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge